IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TRE'VON A. WOODARDS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00696-O-BP |
| § | |
| THE MICHAELS COMPANIES, *et al.*, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Application to Proceed in District Court without Prepaying Fees or Costs filed by the Plaintiff on July 7, 2020. ECF No. 2. This case was automatically referred to the undersigned pursuant to Special Order 3 on that same day. ECF No. 3. Based on the relevant filings and applicable legal authorities, the Application should be **DENIED**, and the case should be dismissed for failure to follow court orders, unless the Plaintiff timely pays the filing fee.

**I.     BACKGROUND**

Plaintiff filed this case and moved to proceed *in forma pauperis* on July 7, 2020. ECF No. 2. Based on the information in his motion, the Court held that the Plaintiff had enough assets to pay the filing fee and ordered the Plaintiff to pay the full filing fee by August 17, 2020. ECF No. 5. The order specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case would be subject to dismissal without prejudice as provided by Federal Rule Civil Procedure 41(b). *Id.* On July 17, 2020, Plaintiff filed an interlocutory appeal in response to the Court's order, stating that he would not be able to proceed with the claim if his Application was denied. ECF No. 6. Plaintiff has not paid the filing fee despite having the financial resources to do so.

## II.     LEGAL STANDARD

Whether to permit or deny an applicant to proceed in forma pauperis is within the sound discretion of the Court. 28 U.S.C. § 1915(a); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Courts should make the determination of financial ability after considering whether payment of the filing fee will result in the petitioner "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court is permitted to dismiss an action *sua sponte* for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing Fed. R. Civ. P. 41(b)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962)).

## III.    ANALYSIS

Following a complete review of the Application and supporting affidavit, the Court determines that Plaintiff has sufficient resources to pay the filing fee in this case. In Plaintiff's first *in forma pauperis* affidavit, dated June 7, 2020, he swore that that he has monthly income from employment of $2,400.00 and has no expenses. ECF No. 2. While he lists only a nominal amount of cash and no assets, his income and lack of expenses are compelling evidence that Plaintiff has enough financial resources to pay the filing fee.

Plaintiff attached another affidavit, dated June 17, 2020, to the notice of interlocutory appeal of the undersigned's order to pay the filing fee. *See* ECF No. 6. In that affidavit, Plaintiff swore he has monthly income from employment of $600.00, gross monthly pay of $2,000.00, and

a monthly motor vehicle expense of $2,000.00. *Id.* Plaintiff did not provide an amount for the value of the vehicle or list his equity in the vehicle. *See Id.* Whether Plaintiff's true financial condition is as shown in his original or additional affidavit, he has the financial resources to pay the filing fee in this case without undue hardship.

Ordinarily, an interlocutory appeal divests the district court of jurisdiction over the aspects of the case involved in the appeal. *Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020) (citation omitted). However, in this case, Plaintiff purported to appeal a non-appealable order, which required him to pay the filing fee or the undersigned would recommend that the district judge deny his application to proceed *in forma pauperis*. A magistrate judge's report and recommendation is not an appealable order, and any appeal of the action of the magistrate judge to the court of appeals before the district judge rules on the report and recommendation is frivolous. *Hill v. Dallas County District Attorney's Office*, 676 F. App'x 339 (5th Cir. 2017). Plaintiff's appeal thus has "no arguable basis in law or fact and therefore is frivolous." *Id.* Accordingly, Judge O'Connor retains jurisdiction over the case since Plaintiff's notice of interlocutory "is insufficient to confer jurisdiction" on the court of appeals. *Id.*

Plaintiff was specifically warned that failure to pay the filing fee, despite being able to do so without causing him financial hardship, would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case would be subject to dismissal. Because he failed to comply with the Court's order and pay the filing fee, Plaintiff's complaint should be dismissed without prejudice.

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Plaintiff's Application to Proceed *In Forma Pauperis*. ECF No. 2.

Furthermore, the undersigned **RECOMMENDS** that Plaintiff be ordered to pay the $400.00 filing fee within fourteen days of the date of this Findings, Conclusions, and Recommendation, and, if he fails to do so, the Court should dismiss this action without prejudice.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** August 27, 2020.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE